UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVIN TARRANT, DENISE DEANNE, SYLVESTER
LIVINGSTON, and SHARON D. SMITH, *individually,
and on behalf of others similarly situated,*

                                              Plaintiffs,        DECISION AND ORDER

                                              -vs-                     15-CV-6320-CJS

SUTHERLAND GLOBAL SERVICES, INC.,

                                              Defendant.

    **Siragusa, J.** This matter is plead as a collective action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. Plaintiffs filed a motion on May 21, 2015, ECF No. 2, seeking conditional certification of this suit as a collective action for purposes of notice and discovery, and allowing potential plaintiffs to opt-in to the case. The motion was served on Sutherland Global Services, Inc. ("Sutherland") at its Pittsford, New York address on the same day, Certificate of Service, May 21, 2015, ECF No. 2-5, and to date, Sutherland has not filed any opposition to the motion. On July 8, 2015, Sutherland filed an answer, and an offer of judgment pursuant to Federal Rule of Civil Procedure 68 to named plaintiffs Denise Deanne and Kevin Tarrant.

    As explained by the Court in *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y.2005) (Larimer, J.):

> The Second Circuit has held that a district court has the power to order that notice be given to other potential members of a plaintiff class under the opt-in provisions of the FLSA. *See Braunstein v. Eastern Photographic Labs., Inc.*, 600 F.2d 335 (2d Cir.1978) (*per curiam*), *cert. denied*, 441 U.S. 944 (1979); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. Sept. 19, 2003). Although the FLSA does not contain a class certification requirement, *see Taillon v. Kohler Rental Power,*

*Inc. ex rel. Kohler Co.*, No. 02 C 8882, 2003 WL 2006593, at *1 (N.D. Ill. Apr. 29, 2003), such orders are often referred to in terms of "certifying a class." *See, e.g., Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 117 (D.D.C. 2004); *De Luna-Guerrero v. North Carolina Grower's Ass'n, Inc.*, 338 F.Supp.2d 649, 654 (E.D.N.C. 2004). The analysis is in some respects similar to that used in class actions, however, in that the court has to decide whether there is a sufficient showing of "similarly situated" employees, and to whom the notice should be sent.

*Scholtisek*, 229 F.R.D. at 387. Further, as Judge Larimer explained in *Scholtisek*:

> In this early phase, courts employ a relatively lenient evidentiary standard in determining whether a collective action is appropriate. "At the notice stage, courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." [*Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir.1995)] at 1213. To demonstrate that other potential plaintiffs are similarly situated to him, then, a plaintiff must make only a "modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y .1997) (citations omitted). "A plaintiff's burden [at this stage] is minimal, especially since the 'determination that potential plaintiffs are similarly situated' is merely a 'preliminary' one." *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d at 104 (quoting *Hoffmann*, 982 F.Supp. at 261).

*Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y.2005). Plaintiffs contend that each was unpaid during the workday for a pre-shift computer start-up and log-in process, portions of a mid-shift lunch period during which each was required to work, and post-shift computer log-out and shutdown process.

Plaintiffs' motion, ECF No. 2, for conditional certification, is granted. The conditionally certified collective FLSA class is all current and former hourly home-based customer service representatives who worked for Defendant at any time during the last three years as measured from the date of this Order. Defendant is directed to identify the names, last known addresses, dates of employment, job titles, phone numbers, and email addresses within fourteen days of the entry of this Order. The parties shall agree

on the format of the provided information, or apply for relief to the Court if they cannot agree.

Plaintiffs are directed to amend the Notice to include the dates conditionally certified by the Court in the first paragraph, and in paragraph three. Further, Plaintiffs shall fill in the blank in paragraph five with "Rochester," and the date by which opt-ins may join the lawsuit is set at two months from the date of this Order.

SO ORDERED.

Dated:   August 20, 2015
         Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge